UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-22526-CIV-COOKE/O'SULLIVAN

IVAN BARCELO,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant,

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Compel Appraisal (DE# 6, 9/29/21).

## BACKGROUND

On or about May 28, 2021, the plaintiff filed a two-count complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. See Complaint for Damages and Demand for Jury Trial (DE# 1-2, 7/15/21) (hereinafter "Complaint"). The Complaint alleged a cause of action for breach of contract (Count I) and breach of coverage (Count II) against Scottsdale Insurance Company (hereinafter "SIC" or "defendant") stemming from the defendant's denial of an insurance claim based on the alleged damage to the plaintiff's property caused by Hurricane Irma.

On July 15, 2021, the defendant removed this action to the United States District Court for the Southern District of Florida based on diversity jurisdiction. See Notice of Removal of a Civil Action (DE# 1 at 3, 7/15/21).

On September 29, 2021, the plaintiff filed the Plaintiff's Motion to Compel Appraisal (DE# 6, 9/29/21) (hereinafter "Motion"). The defendant filed a response on October 13, 2021. See SIC's Response to Plaintiff's Motion to Compel Appraisal and in the Alternative Request for an Itemized Appraisal (DE# 8, 10/13/21) (hereinafter "Response"). The plaintiff filed a reply on October 20, 2021. See Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Appraisal (DE# 9, 10/20/21) (hereinafter "Reply").

This matter is ripe for adjudication.

## STANDARD OF REVIEW

"[T]he general, even overwhelming, preference in Florida [is] for the resolution of conflicts through any extra-judicial means, especially arbitration, for which the parties have themselves contracted." State Farm Fire & Cas. Co. v. Middleton, 648 So. 2d 1200, 1201-02 (Fla. 3d DCA 1995) (addressing appraisal provision in homeowner's insurance policy). "Appraisal clauses provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits." Merrick Pres. Condo. Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co., 315 So. 3d 45, 49 (Fla. 4th DCA 2021).

"In Florida, a challenge of coverage is exclusively a judicial question . . . However, when the insurer admits that there is a covered loss, any dispute on the amount of loss suffered is appropriate for appraisal." Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (citation, internal quotation marks and brackets omitted).

"To support an order compelling appraisal under the parties' insurance policy, the trial court 'must make a preliminary determination as to whether the demand for appraisal is ripe.'" Villagio at Estero Condo. Ass'n, Inc. v. Am. Cap. Assurance Corp.,

2

No. 2D20-1414, 2021 WL 1432160, at *2 (Fla. 2d DCA April 16, 2021) (quoting Citizens Prop. Ins. Corp. v. Admiralty House, Inc., 66 So. 3d 342, 344 (Fla. 2d DCA 2011)). A demand for appraisal "is ripe where postloss conditions are met, the insurer has a reasonable opportunity to investigate and adjust the claim, and there is a disagreement regarding the value of the property or the amount of loss." Id. (citation and internal quotation marks omitted).

## ANALYSIS

The plaintiff seeks an Order compelling an appraisal. Motion at 1. The insurance policy, CPS2895104 (hereinafter "Policy"), contains the following appraisal provision:

**2. Appraisal**

> **If we and you disagree on** the value of the property or **the amount of loss**, **either may make written demand for an appraisal of the loss**. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

Policy (DE# 8-1 at 62, 10/13/21) (emphasis added). Thus, in order for an appraisal to be compelled under the Policy, the parties' disagreement must concern either "the value of the property or the amount of loss." Id.

In the instant case, the defendant "initially afforded coverage for the subject loss" but "later determined that the subject loss was not covered in its entirety based upon the findings of its consulting expert[.]" Response at 4; Declaration of Chris Logan (DE# 8-2 at ¶ 7, 10/13/21) (attesting that "[the defendant's independent adjuster] prepared an estimate of damages in the amount of $26,896.86, upon which [the defendant] issued payment."); Reply at 2 (stating that "[d]efendant initially afford[ed] coverage for the Loss and issued payment to the [p]laintiff based upon the unilateral estimation of the amount of covered damages"). The defendant determined that it had issued a payment in error because there was no covered loss under the policy. Response at 2 (stating that "[o]n February 23, 2021, [a claim specialist for the defendant] advised . . . [the p]laintiff's public adjuster, that [the defendant]'s engineer did not observe any damage from a covered cause of loss to the roof and that the payments that were issued had been issued in error").

The plaintiff argues that the defendant has already admitted coverage and "cannot avoid appraisal by now claiming that the damages it previously admitted were covered under the policy are not." Reply at 3. The defendant states that "[b]ecause [it] has disavowed coverage in its entirety for the subject loss, there is not a present dispute as to the amount of loss, and therefore appraisal is not appropriate." Response at 4.

The Court does not need to decide what effect the defendant's initial determination that there was a covered loss has on the plaintiff's request for an appraisal because in its Response, the defendant agrees to an itemized appraisal: "SIC requests that the Court compel an itemized appraisal preserving the coverage issues and reserve jurisdiction to determine them after the appraisal." Response at 5.

**II.     No Need for a Stay or Abatement**

The plaintiff further asks that the Court "abate the action until such time that the appraisal process is completed[.]" Motion at 8; see also Reply at 2. The plaintiff does not elaborate on why he believes the case should be abated while the appraisal process is pending. The defendant seeks a stay of discovery as to the amount of the loss only if the Court does not order an itemized appraisal. Response at 6 (stating "[i]f [the Court] does not compel the itemization listed above, SIC requests that the Court stay discovery as to the amount of loss issue, so that it can be appraised after the Court rules on the parties' coverage disputes outlined above.").

The Court finds that there is no need for a stay or abatement in the instant case. The plaintiff does not provide a reason why the matter should be stayed and the defendant seeks an abatement of discovery as to the amount of loss only if the Court does not order an itemized appraisal. Because the Court is ordering an itemized appraisal and the plaintiff has not provided the Court with a reason why a stay would be merited, the request for a stay or abatement is **DENIED**.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Compel Appraisal (DE# 6, 9/29/21) is **GRANTED in part and DENIED in part**. The parties shall submit the amount of loss to an appraisal panel for the purpose of obtaining an itemized

5

appraisal. The request for a stay or abatement of the proceedings is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this  2nd   day of November, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE